**FOREST NURSERY COMPANY, Inc.,**
Plaintiff,

v.

**CRETE CARRIER CORPORATION,**
Defendant and Third-Party
Plaintiff,

and

**Jerry E. Ramsey, Defendant,**

v.

**Mike KOSISEK d/b/a Friend Truck Line,**
Third-Party Defendant.

Civ. A. No. 991.

United States District Court,
E. D. Tennessee,
Winchester Division.

Nov. 25, 1969.

Supplemental Opinion Aug. 26, 1970.

Ben P. Lynch, Winchester, Tenn., Charles D. Haston, McMinnville, Tenn., for plaintiff.

Joe R. Hickerson, Winchester, Tenn., John M. McCord, Henry, McCord, Forrester & Richardson, Tullahoma, Tenn., Donald H. Bowman, Lincoln, Neb., for defendant and third-party plaintiff.

John M. McCord, Tullahoma, Tenn., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

█ This is a diversity, 28 U.S.C. § 1332(a) (1), (c), civil action for after-salvage damages to a shipment from Tennessee to South Dakota of nursery stock. The plaintiff claims that, disobedient to its specific instructions to maintain a certain temperature in the trailer bearing this cargo, which was specially equipped for this purpose, the defendant Mr. Ramsey negligently allowed the cargo to freeze solidly in Omaha, Nebraska en route to its destination. The defendant corporation moves for a transfer of this action to the District of Nebraska. 28 U.S.C. § 1404(a).*

This Court has a broad discretion in acting on this motion, but is limited to a consideration of the three factors specifically mentioned in 28 U.S.C. § 1404(a), and may not properly be governed by any other factor or consideration. Chicago, Rock Island and Pacific Railroad Co. v. Igoe, C.A.7th (1955), 220 F.2d 299, 302 [1]. Those factors are: (a) the convenience of the parties, (b) the convenience of the witnesses, and (c) the interest of justice. 28 U.S.C. § 1404(a). " * * * The idea behind § 1404(a) is that where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court. * * *" Continental Grain Co. v. Barge FBL-585 (1960), 364 U.S. 19, 26, 80 S.Ct. 1470, 1475, 4 L.Ed.2d 1540, 1545 [6]. "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. * * *" Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 [3, 4].

The defendant corporation claims that all of its witnesses reside in Nebraska, some of whom are not its employees, and that its records are all in Nebraska. The plaintiff claims all its witnesses reside in Tennessee, some of whom are not its employees. The interest of justice does not seem to require the action to be tried in either forum desired. It appears that it would be as inconvenient for the parties and witnesses in one forum to travel to the other forum, as for the parties and witnesses in the other forum to travel to the first. In like manner, the comparative conveniences of the parties are in equipoise. As the balance does not strongly favor the defendant corporation, the plaintiff's choice of this forum will not be disturbed. *Idem.*

The motion of the defendant corporation for a transfer of this action to the District of Nebraska, therefore, hereby is

Denied.

## SUPPLEMENTAL MEMORANDUM AND ORDER

█ This action was commenced on July 1, 1969. Substituted service of process was had on the defendant Mr.

---

* This defendant mistakenly refers to its motion as one for a "change of venue" and cites 28 U.S.C. § 1040 as authority therefor.

Neither the plaintiff nor the corporate defendant provided the Court with a memorandum of authorities, as required by local Rule 12.

Ramsey sometime between January 28 and February 3, 1970. The summons required Mr. Ramsey to answer within 20 days after such service. No answer by Mr. Ramsey has been filed. Approximately six months have elapsed since Mr. Ramsey was required to plead or otherwise defend herein as provided by the pertinent Federal Rules of Civil Procedure. Despite this long lapse of time, the plaintiff Forest Nursery Company, Inc. has not prosecuted its claim against Mr. Ramsey, against whom it seeks a judgment for affirmative relief, and who has failed to so plead or otherwise defend. Rule 55(a), Federal Rules of Civil Procedure.

"* * * For failure of the plaintiff to prosecute * * *, a defendant may move for dismissal of an action * * * against him. * * *" Rule 41(b), Federal Rules of Civil Procedure. "* * * The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. * * *" Link v. Wabash R. Co. (1962), 370 U.S. 626, 629–630, 82 S.Ct. 1386, 1388, 8 L. Ed.2d 734, 737 (headnote 1), rehearing denied (1962), 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112. "* * * The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. * * *" *Ibid.*, 370 U.S. at 630, 82 S.Ct. at 1389, 8 L. Ed.2d at 738 (headnote 2). "Failure to prosecute" under Rule 41(b), *supra*, "* * * does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial. * * *" Bendix Aviation Corporation v. Glass, D.C. Pa. (1962), 32 F.R.D. 375, 377 [1], affirmed on the lower court's opinion, C.A. 3rd (1963), 314 F.2d 944, certiorari denied (1963), 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52.

If this action is in its present posture at that time, the plaintiff will appear before this Court at Greeneville, Tennessee, at 1:30 o'clock, EDT, in the afternoon, Friday, October 2, 1970 and show cause why its action against the defendant Mr. Ramsey should not be dismissed for its failure to prosecute. A copy of this order will be served additionally by United States mail on the plaintiff.