**UNITED STATES of America, Plaintiff,**

v.

**Ronald E. WILSON, Defendant.**

**Civ. No. 79–757.**

United States District Court,
M. D. Pennsylvania.

Oct. 23, 1979.

Harry A. Nagle, Lewisburg, Pa., for plaintiff.

Louise O. Knight, Lewisburg, Pa., for defendant.

## OPINION

MUIR, District Judge.

The United States commenced this action pursuant to § 432(a) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1082(a) alleging that Wilson defaulted on a federally guaranteed student loan. On August 2, 1979, Wilson filed a motion for judgment on the pleadings pursuant to F.R. Civ.P. 12(c), accompanied by a brief, arguing that the United States' action is barred by the statute of limitations. The United States filed a brief in opposition to Wilson's motion on August 16, 1979 to which Wilson filed a reply brief on August 20, 1979. The Government filed a sur-reply brief addressing new matter raised in Wilson's reply brief on September 24, 1979.

Wilson's motion for judgment on the pleadings requires the Court to determine whether the Government can recover from the obligor of a defaulted federally insured student loan only on the theory of subrogation to the rights of the lender or whether it can rely on the common law right of a surety or guarantor to recover the amount of the defaulted loan from the obligor. The parties agree that the applicable statute of limitations in this case is six years and that if the Court determines that the United States' right to recover is based solely on its status as assignee of the note Wilson signed as evidence of the loan he received, then the action is barred by the statute of limitations because more than 6 years elapsed from the date of Wilson's default to the filing of this complaint. For the reasons which follow, the Court concludes that the United States may rely on common law rights of reimbursement from Wilson and, therefore, the Court will deny Wilson's motion for judgment on the pleadings.

 Wilson does not dispute the general proposition that a guarantor or surety who discharges the obligation of its principal is entitled to reimbursement from the principal. Wilson's claim is that the guaranteed student loan program limits the Government's rights to that of an assignee of the rights of the lender. Wilson points to language in 20 U.S.C. § 1080(b) which states that the United States shall be subrogated to all the rights of the lender and shall be entitled to an assignment of the note or other evidence of the insured loan by the lender. It is the Court's view that this language does not limit the Government to the rights of an assignee and does not destroy the common law right of a surety or guarantor to seek reimbursement from the obligor.

 Wilson makes much of the fact that he did not apply for federal loan insur-

ance but only for a loan which was eligible for federal loan insurance. While it is true that the insurance is available only to the lender, it is clear that the debtor also benefits from the insurance because the program makes loans available to students which might not otherwise be available or would be available at higher rates of interest. The fact that there is no direct contractual relationship between Wilson and the Government does not alter the functional relationship between Wilson and the Government. That relationship is analogous to the relationship between a principal and a guarantor or surety. The Government agreed to repay Wilson's lender if Wilson did not do so. Whether the relationship is described as that of a guarantor or as a surety, the government has the common law right to seek reimbursement from Wilson. *See Joe Balestrieri & Co. v. Commissioner,* 177 F.2d 867, 872 (9th Cir. 1949); *Bishoff v. Fehl,* 345 Pa. 539, 542, 29 A.2d 58 (1942). As a surety or guarantor, the statute of limitations began to run against the Government only when the Government paid the lender which the Government asserts was in about October, 1973.

An appropriate order will be entered.