**UNITED STATES of America, Plaintiff,**

v.

**Richard M. FRISK, Defendant.**

**No. C–80–0830 SC.**

United States District Court,
N. D. California.

Nov. 7, 1980.

Michael D'Amelio, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Richard M. Frisk, in pro. per.

## ORDER RE: MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER

CONTI, District Judge.

The United States brought this action to recover payments on a student loan insured under the Federal Insured Student Loan Program. This matter is presently before the court on the United States' motion for reconsideration of an order of the United States Magistrate granting defendant Frisk summary judgment.

The sole issue in this action is whether the six year statute of limitations provided for in 28 U.S.C. § 2415(a) bars this lawsuit.[1] More precisely, the court must determine whether, as a matter of law, the six year statute of limitations commenced running on the date of default on the note or on the date that the United States paid the lender, Bank of America (B of A). The Magistrate held that the statute of limitations commenced running on the date of default and, hence, this action was barred by the statute of limitations.

Having adopted the order of the Magistrate, Frisk urges the court to conclude that this action is barred by the six year statute of limitations. He argues that the United States' right of action accrued on the date of the default on the note. The United States, however, argues that the right of action accrued on the date that the note was assigned to the Department of Education.

A number of district courts have held that the relationship between the United States and the debtor in a student loan case is analogous to the relationship between a principal and a guarantor or surety. *United States v. Wilson*, 478 F.Supp. 488, 490 (M.D.Pa.1979); *United States v. White*, No. CV 77-1356-FW (C.D.Cal. August 23, 1977); *United States v. Reid*, No. C-79-1699 (D.D.C. March 8, 1980). The United States, therefore, may rely in this action on its common law rights of reimbursement as a surety or guarantor. *United States v. Wilson, supra*, at 489; *United States v. Reid, supra*, at 3.

The law in California is that:

"Inasmuch as a cause of action for reimbursement from the principal is not on the original obligation but on an assumpsit which the law implies, the indebtedness of the principal to the surety does not accrue and the statute of limitations does not begin to run until the surety pays the obligation. . . ."

46 Cal.Jur.2d *Suretyship and Guaranty* § 79, at 345 (1959); *See also Regents of University of California v. Hartford Acci. & Indem. Co.*, 21 Cal.3d 624, 638, 147 Cal.Rptr. 486, 581 P.2d 197 (1978). Consistent with this view, a number of district courts have held that the cause of action involved in a student loan case such as this one is an action for reimbursement from the principal and not on the original obligation. These courts also concluded that the indebtedness to the United States as a surety does not accrue, and, hence, the statute of limita-

---

1. 28 U.S.C. § 2415(a) provides, *inter alia*, that: "... every action for money damages brought by the United States ... which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues..."

tions does not begin to run until the surety pays the obligation. *United States v. Wilson, supra,* at 490; *United States v. Reid, supra,* at 3; *United States v. White, supra,* at 1–2. This court agrees with those decisions.

■ In this instance, payment of the obligation to Bank of America under the suretyship was approved by the United States on June 8, 1974. It follows that since this action was filed on March 18, 1980, it was commenced within the six year statute of limitations.

Accordingly, it is hereby ordered that:

(1) The order of the United States Magistrate is reversed, and

(2) Summary judgment is granted in favor of the United States.