**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard M. FRISK, Defendant-Appellant.**

**No. 80–4583.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1982.

Decided April 30, 1982.

---

Richard M. Frisk, Walnut Creek, Cal., for defendant-appellant.

Harold Burton Jenkins, Washington D. C., argued, for plaintiff-appellee; Michael D'Amelio, Asst. U. S. Atty., San Francisco, Cal., on brief.

Before FARRIS, FERGUSON and NELSON, Circuit Judges.

PER CURIAM:

Richard M. Frisk, the co-obligor on his son's federally insured student loan, defaulted along with his son on the note. Pursuant to the provisions of the Federal Insured Student Loan Program, the lending institution assigned the note to the United States and the Government discharged Frisk's obligation. The Government brought suit on the note and Frisk defended by alleging that the suit was barred by the applicable six-year statute of limitations. The district court, 530 F.Supp. 238, concluded that the action was not time-barred and granted the Government's motion for summary judgment. We affirm.

## I. FACTS

On October 26, 1970, Frisk's son, Jerome, received a $1,000 student loan from the Bank of America under the Federal Insured Student Loan Program (FISLP).[1] The loan was co-signed by Frisk. The loan terms provided that repayment of principal and interest was to be made over a period beginning nine months after the date on which the maker (Jerome) ceased to carry at least one-half the normal full-time academic work load. Jerome graduated on June 4, 1972.

In addition to the minimum nine-month grace period provided for in the note and mandated by 20 U.S.C. § 1077(a)(2)(B),

---

1. Under the FISLP, the United States, through the Department of Education, protects the lender against the student borrower's default by insuring repayment of the unpaid principal balance and interest. The lender pays the Department an insurance premium for this protection. Upon the borrower's default, the United States discharges the student borrower's obligation to the lender and the lender assigns to the United States all of its rights in the promissory note. 20 U.S.C. §§ 1071–1088g (1976 & Supp.1977).

(1976)[2] the statute provides for an additional 120-day grace period before the borrower is deemed to be in default. 20 U.S.C. § 1080(e)(2) (1976). Consequently, the final grace period ended on July 2, 1973 and, in accordance with the loan terms, the first monthly installment was due and payable on July 25, 1973.

After Jerome defaulted on his obligation to the lender, the Government paid the lender's insurance claim on March 28, 1974 pursuant to 20 U.S.C. § 1080(a) (1976 & Supp.1977). Upon payment of the claim, the Government became subrogated to the rights of the lender and the lender assigned all of its rights in the note to the Government.[3] 20 U.S.C. § 1080(b) (1976).

On March 18, 1980, the Government filed an action against Frisk to recover the unpaid principal balance plus accrued interest in the total amount of $1,396.67. In his answer and subsequent cross-motion for summary judgment, Frisk alleged that the Government's action was barred by the applicable six-year statute of limitations contained in 28 U.S.C. § 2415(a) (1976 & Supp. 1977).[4] In its motion for summary judgment, the Government argued that its cause of action was not time-barred.

The United States Magistrate granted summary judgment for Frisk after concluding that the Government's cause of action accrued and the statute of limitations started running on the day of default, July 2, 1973.[5] Because the Government's complaint was not filed until March 18, 1980, more than six years after its cause of action accrued, the magistrate held that the Government's action was barred by the statute of limitations.

The Government appealed the magistrate's decision to the district court, arguing that its cause of action did not accrue so as to trigger the running of the statute of limitations until March 28, 1974, the date it paid the lender and the lender assigned it the note. The district court held that the relationship between the Government and Frisk was analogous to that of principal and guarantor or surety. Therefore, the court concluded that the Government's cause of action did not accrue and the statute of limitations did not commence running until the Government paid Frisk's obligation. Because the Government's complaint was filed within six years after it discharged Frisk's obligation to the lender, the district court held that the action was not time-barred, reversed the magistrate's order, and granted summary judgment to the Government.

## II. Statute of Limitations

The only issue before us is whether the Government's complaint was filed within six years after its cause of action accrued. The resolution of this question turns on whether the Government is limited

---

**2.** 20 U.S.C. § 1077(a)(2)(B) (1976) provides that repayment shall begin not earlier than nine months nor later than one year after the student ceases at least half-time study.

**3.** 20 U.S.C. § 1080 (1976 & Supp.1977) provides in part:

> (a) Upon default by the student borrower on any loan covered by Federal loan insurance pursuant to this part, and prior to the commencement of suit or other enforcement proceedings upon security for that loan, the insurance beneficiary shall promptly notify the Commissioner, and the Commissioner shall if requested (at that time or after further collection efforts) by the beneficiary, or may on his own motion, if the insurance is still in effect, pay to the beneficiary the amount of the loss sustained by the insured upon that loan as soon as that amount has been determined....

> (b)(1) Upon payment of the amount of the loss pursuant to subsection (a) of this section, the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary.

**4.** 28 U.S.C. § 2415 (1976 & Supp.1977) provides in part that "every action for money damages brought by the United States ... which is founded upon any contract ... shall be barred unless the complaint is filed within six years after the cause of action accrues...."

**5.** The magistrate also held that the statute of limitations precluded the Government's suit even if the day of default was deemed to be July 25, 1973, the day the lender determined the first payment to be due.

to the rights of an assignee, in which case its cause of action accrued on the day of default and was consequently barred by the statute of limitations, or whether the Government may also assert its rights as a surety or guarantor,[6] in which case its cause of action accrued on the date it paid the lender and was therefore brought before the statute of limitations expired.[7]

In arguing that the Government's suit was barred by the statute of limitations, Frisk contends that the Government is limited to the rights of an assignee and that its cause of action accrued on the day he defaulted on the loan. In support of this contention Frisk relies on 20 U.S.C. § 1080(b) (1976) which provides that upon payment of the lender's claim the Government becomes subrogated for .all of the lender's rights and is entitled to an assignment of the note. As a subrogated assignee, the Government stands in the shoes of the insured lender and possesses only those rights against the borrower that the lender could have asserted. *See Guaranty Trust Co. v. United States*, 304 U.S. 126, 141, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1937); *Hercules, Inc. v. Stevens Shipping Co.*, 629 F.2d 418, 422 (5th Cir. 1980). Thus, as an assignee of the lender's rights, the Government's cause of action on the note for breach of contract accrued at the same time the lender's did—the day of default.

The Government argues that it is not limited to bringing a direct action on the note merely as an assignee of the lender, but that it may also rely on its common law right as a surety and bring an action against the principal for reimbursement. As a surety seeking reimbursement, the Government contends that its cause of action accrued on the date it paid the lender and was therefore brought within the six-year statute of limitations.

■ The action is not barred by the statute of limitations. Although § 1080(b) subrogates the Government to the rights of the lender and entitles it to an assignment of the note, we do not interpret this section as limiting the Government to the rights of an assignee or precluding it from asserting any other rights it might have against a debtor in default on a federally insured student loan. Under the FISLP, the Commissioner of Education is empowered to enforce "any right, title, claim, lien, or demand, *however acquired.* . . ." 20 U.S.C. § 1082(a)(6) (1976) (emphasis added). We therefore hold that 20 U.S.C. § 1080(b) (1976) does not preclude the Government

---

6. In a broad sense a guarantor or surety is one who promises to answer for the debt or default of another. Where a guarantor or surety enters into a contract of guaranty or suretyship at the request of or with the consent of the principal obligor, and pays or is compelled to pay the principal's obligation, in the absence of an express promise, the law implies a promise on the part of the principal to reimburse the guarantor or surety. Upon payment of the debt, the guarantor or surety has a right of action against the principal for reimbursement of the amount paid plus interest. *See generally United States Fidelity & Guarantee Co. v. Wooldridge*, 268 U.S. 234, 45 S.Ct. 489, 69 L.Ed. 932 (1925); *First National Park Bank v. Johnson*, 553 F.2d 599 (9th Cir. 1977); *Weinstein v. United States*, 511 F.2d 56 (6th Cir. 1975). Although a suretyship differs from a guarantee in that a surety's obligation to the creditor is primary and unconditional whereas a guarantor's obligation is secondary and conditioned on the principal's default, the distinction is of no consequence to the resolution of the issue before us.

Under the FISLP, the Government promises to pay the borrower's debt to the insured lend-

er in the event the borrower defaults. In applying for the loan under the auspices of the FISLP, Frisk and his son completed a "Student Application for Federally Insured Loan" which stated: "I hereby apply for a loan under the Federally Insured Loan Program." There is no question that under this arrangement a suretyship or guarantee relationship was created between Frisk and the Government and that Frisk consented to the Government being a surety or guarantor. Moreover, the guaranty or suretyship was supported by consideration in that it induced the lender to make a loan that might not otherwise have been available or available only at a higher interest rate. *See* S.Rep.No. 673, 89th Cong. 1st Sess. 3, *reprinted in* 1965 U.S.Code Cong. & Ad.News 4027.

7. A surety's or guarantor's cause of action for indemnity or reimbursement does not accrue until payment of the principal's liability is made. *See Commercial Insurance Co. v. Pacific-Peru Construction Corp.*, 558 F.2d 948 (9th Cir. 1977); *Hercules, Inc. v. Stevens Shipping Co.*, 629 F.2d 418 (5th Cir. 1980).

from asserting its common law right as a surety or guarantor for reimbursement from the principal.

We are not persuaded by Frisk's argument that treating the Government as a surety or guarantor allows the Government to extend the six-year statute of limitations in contravention of congressional intent or permits the Government unilaterally to choose an indefinite time to file suit. As a surety or guarantor, the Government must still bring its action for reimbursement within six years after it pays the lender. Under 20 U.S.C. § 1080(a) (1976 & Supp. 1977) the lending institution must "promptly" notify the Secretary of HEW that the borrower has defaulted and the Secretary must pay the lender's claim within ninety days after such notification. This provision prevents the Government from manipulating the date on which its cause of action accrues by arbitrarily choosing the date on which to pay the lender. In the present case, the lender, after attempting collection,[8] promptly notified the Government of its claim and the Government paid the claim within ninety days thereafter.

We conclude that as a surety or guarantor of Frisk's obligation to the lending institution, the Government's cause of action accrued on March 28, 1974, the date it paid the lender. The Government's suit against Frisk for reimbursement filed on March 18, 1980 was brought within the applicable six-year statute of limitations.

AFFIRMED.

---

8. Under 20 U.S.C. § 1080(a) (1976 & Supp. 1977), the insured lender is "required to meet the standards of due diligence in the collection of the loan."