

Barry K. Stevens, Asst. U.S. Atty., Bridgeport, Conn., Alan H. Nevas, U.S. Atty., New Haven, Conn., for plaintiff.

Elaine Klotz, pro se.

**UNITED STATES of America**

v.

**Elaine KLOTZ.**

**No. H–84–288.**

United States District Court, D. Connecticut.

Dec. 14, 1984.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CLARIE, Senior District Judge.

Pursuant to Rule 56, Fed.R.Civ.P., the plaintiff, United States of America, has moved the Court to enter summary judgment in its favor, in the amount of $6,068.53, plus costs and interest. The plaintiff claims that there are no remaining issues of disputed fact and that it is entitled to judgment as a matter of law. The Court finds that the amount claimed is legally due and summary judgment shall enter for the plaintiff in the amount requested, plus costs.

### Facts

On September 28, 1973, the defendant and her husband applied to the Kensington Mortgage and Finance Corporation (Kensington) for a Mobile Home Loan pursuant to Title I of the National Housing Act of 1950, as amended, and the Code of Federal Regulations, Title 24, part 201, *et seq.* The monies borrowed were intended to be used for the purchase of a mobile home. The finance company approved the loan, and on

November 20, 1973, the Klotzs executed a joint and several promissory note in the amount of $7,225, plus interest at the rate of seven per cent (7%) per year.

The defendant and her husband failed to pay the installments due on the note October 1, 1976. Pursuant to the terms of the loan agreement, Kensington exercised an acceleration clause in the note and demanded full payment. The Klotzs failed to make said payment, and on February 3, 1978, Kensington filed a Title I Claim for Loss Application Voucher with the Department of Housing and Urban Development (HUD), for its reimbursement of the amount outstanding. On March 17, 1978, Kensington assigned the note to the United States of America, and HUD paid Kensington for its loss of $3,878.69, which was the outstanding uncollected balance of the loan. The United States has filed, with the present motion, a supporting Affidavit of Debt which establishes that there is due and owing from the defendant, the principal amount of $4,068.47, plus interest on the principal, which interest amounted to $2,000.06 as of October 4, 1984.

The defendant does not contest any of the facts asserted by the plaintiff, nor has she claimed that any material issues of disputed fact are present in this case. However, she has moved to dismiss the action against her, on the grounds that the statute of limitations had run on the plaintiff's claim, when the present suit was filed.

### Discussion of Law

The sole issue in this action is whether or not the six-year statute of limitations provided for under 28 U.S.C. § 2415 bars this lawsuit. The statute provides that actions brought by the United States for money damages founded on contract "shall be barred unless the complaint is filed within six years after the right of action accrues..." Although the statute does not define when a "right of action accrues," the weight of authority in cases involving government insured loans has set the accrual date at the time the government reimburses the lender for its loss arising from the borrower's default. *United States v. Frisk*, 675 F.2d 1079, 1083 (9th Cir.1982).

"Generally, suretyship may be defined as a contractual relation whereby one person, the surety, agrees to answer for the debt, default or miscarriage of another, the principal, and as between the two who are bound, the principal rather than the surety should perform. 74 Am. Jur.2d Suretyship § 1 (1974). Of most importance here, under a suretyship theory the cause of action accrues on the date the surety pays the principal's debt, rather than on the date of the principal's original default." *United States v. Tilleraas*, 538 F.Supp. 1, 6 (N.D.Ohio 1981); *affirmed* 709 F.2d 1088, 1092.

*See also United States v. Ekelman & Associates, Inc.*, 532 F.2d 545, 552 (6th Cir. 1976); *United States v. Bellard*, 674 F.2d 330, 337 (5th Cir.1982); *United States v. 93 Court Corporation*, 350 F.2d 386, 388–9 (2d Cir.1965).

In the instant action, the United States made its payment to Kensington as surety-guarantor on March 17, 1978, and the six-year statute of limitations under 28 U.S.C. § 2415 would have expired on March 17, 1984. This lawsuit was filed on March 16, 1984, one day within the six-year period, and therefore, this action is timely under 28 U.S.C. § 2415.

### Conclusion

For the reasons set forth above, judgment shall enter in favor of the plaintiff in the amount of $6,099.34, plus costs.

SO ORDERED.