UNITED STATES of America (SMALL BUSINESS ADMINISTRATION), Plaintiff,

v.

Wilfredo CORSINO, also known as Wilfredo Corsino Melendez; Lydia Esther Pagan; Wilfredo Ramos Leduc; Felicita Prado Ojeda; Rafael Soler, Jr.; Awilda Soler; Jose Cruz Badia, and Gloria Cruz, Defendants.

Civ. No. 83–0515 (JAF).

United States District Court, D. Puerto Rico.

Nov. 26, 1986.

José M. Pizarro-Zayas, Asst. U.S. Atty. and Daniel F. López-Romo, U.S. Atty., San Juan, P.R., for plaintiff.

George López Keeler, and Miguel Giménz Muñoz, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

On November 13, 1975, defendants Wilfredo Corsino-Meléndez, Lydia Esther Pagán, Wilfredo Ramos-Leduc, and Felícita Prado-Ojeda, subscribed a promissory note payable to the bearer, with interest at the rate of 10¾ per cent per annum, guaranteed by a mortgage, for a loan of $50,000 payable to P.R. Bootstrap Corporation. The loan was granted by Banco Popular de Puerto Rico (Banco), and secured by a guaranty agreement of the Small Business Administration (SBA). In the event of a default, SBA would pay Banco without prejudice of its rights against debtor. In order to induce Banco to approve this loan, codefendants José Cruz-Badía and Gloria Cruz executed unconditional joint and several guarantees for the payment of the principal obligation.

On June 23, 1977, Bootstrap sought the protection of the federal bankruptcy laws. Confronted with the fact that the loan was delinquent and borrower had filed for bankruptcy proceedings, SBA paid Banco

and subrogated in the creditor's position. Thereafter, SBA proceeded to claim the payment against the mortgage debtors and the unsecured guarantors. On April 28, 1977, SBA, as holder in due course of the notes of indebtedness of the individual guarantors, sent them letters, certified mail, return receipt requested,[1] notifying that they were considering the debt payable in full. Total payment was required. Payment by the guarantors was not made and SBA had to initiate legal proceedings demanding payment.

Judgment by default against codefendants Wilfredo Corsino-Meléndez, Lydia Esther Pagán, Rafael Soler, and Awilda Soler has been entered. No reconsideration or appeal has been filed by said codefendants.[2] In turn, Wilfredo Corsino and Lydia Pagán instituted cross-claims against Rafael and Awilda Soler, alleging that if they were held liable for payment to the plaintiff, defendants Rafael Soler, Awilda Soler, José Cruz-Badía, and Gloria Cruz, as "the only beneficiaries of the loan" would have to repay them any amount of monies disbursed because of this suit. *See* docket document No. 18.

The only "active" defendants against whom there is pending a request for judgment are José and Gloria Cruz. The cross-claims are also pending. José and Gloria Cruz have moved for dismissal of the cross-claims on grounds that a defaulted party has no right to institute an action against remaining codefendants. Also, they move for summary judgment against plaintiff, basically on the time-for-suit provision contained in 28 U.S.C. sec. 2415(a). We now decide to dismiss the cross-claims without prejudice. We grant plaintiff's request for summary judgment.

## I.

The cross-claims instituted by Corsino and Pagán are subject to dismissal for

---

**1.** Defendants José and Gloria Cruz attempted to create a factual controversy on whether they were notified of the entry of judgment. Said argument is frivolous and fails to justify a denial of plaintiff's summary judgment request. *Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct.

2548, 2556, 91 L.Ed.2d 265 (1986). The record shows that they were notified.

**2.** This court stayed the action against Wilfredo Ramos-Leduc and Felícita Prado-Ojeda. They have filed a petition for individual bankruptcy reorganization. *See* docket document No. 17.

lack of prosecution. 6 C. Wright and E. Miller, secs. 1403–1430 and Fed.R.Civ.P. 1. Cross-claimants have failed to prosecute their cross-claims diligently. The cross-claims are dismissed without prejudice for lack of prosecution. *See Martínez Class v. Caribe Hilton Hotel,* 784 F.2d 12 (1st Cir. 1986).

## II.

◼◼◼ We now pass upon José and Gloria Cruz' motions for summary judgment. Said codefendants allege that plaintiff's cause of action is time-barred. It is clear from the file and documentary evidence submitted that the cause of action in issue is a personal one to recover monies against a party who guaranteed the principal debt through the execution of a promissory note. It is undisputed that plaintiff is now the holder in due course of the notes. Also relevant to the issue is the date in which default by debtor accrued. The default is stated to have accrued on or around December 1976. Codefendants state that the debt accrued when the debtor Bootstrap filed for bankruptcy. They argue that this is the accrual date because the promissory note they signed expressly established that:

> The indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator whether voluntary or involuntary, for the undersigned or for any of its property, or upon the filing of a petition by or against the undersigned under ... the provisions of the Bankruptcy Act of 1898 as amended.

Under such clear contractual provisions, it is alleged that the term of six years provided under 28 U.S.C. sec. 2415(a)[3] is to be computed from said filing date, to wit: November 1976. If that is the case, the present action having been filed on March 16, 1983, the statute of limitations expired in December 1982. This calculation of the six-year statute of limitations disregards the fact that plaintiff interrupted the time-for-suit provision by means of letters which demanded payment of the amounts due by the guarantors. These letters were post-marked and sent in April 1977. The return receipts so confirm. That being the case, the term of six years began to run again in April 1977 and the action was not barred as to these codefendants.[4] The tolling of the statute of limitations creates a new accrual date. *See United States v. Beck,* 758 F.2d 1553 (11th Cir.1985); *United States v. Robert's Nursing Home, Inc.,* 710 F.2d 1275 (7th Cir.1983). Furthermore, it has been held that in this type of action the statute of limitations starts to run at the time the government reimburses the lender for its loss arising from borrower's default. *U.S. v. Klotz,* 599 F.Supp. 301 (D.C.Conn.1984); *U.S. v. General Electronics, Inc.,* 556 F.Supp. 801 (D.C.N.J.1983). In the instant case, SBA paid off Banco on March 25, 1977. The action would not be barred either way.

## Conclusion

Summary judgment against co-guarantors José and Gloria Cruz is hereby GRANTED in the principal amount of $50,000.00, plus 10¾% per annum, as evidenced by the Small Business Administration Guaranty Form 148. Plaintiff is to recover over the quantity obtained in the judicial sale of the mortgaged property as authorized by judgment entered on February 14, 1984 (Laffitte, J.). The action as it pertains to Felícita Prado-Ojeda and Wilfredo Ra-

---

**3.** Such section provides that:

> Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract, express or implied in law or fact, *shall be barred* unless the complaint is filed within six years after the right of action accrues. (Emphasis added)

**4.** Section 2415, in its relevant part, establishes that:

> [i]n the event of later payment or written acknowledgement of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgement.

Under Puerto Rico substantive law, this type of letter would also have interrupted the statute of limitations. *See* Art. 1873, Civil Code, 31 L.P. R.A. sec. 5303 (1930).

mos-Leduc is DISMISSED WITHOUT PREJUDICE, as we direct plaintiff to litigate this issue before the bankruptcy court. The cross-claims do not assert facts nor plead a cause of action so as to warrant affirmative relief. In any event, cross-claimants have failed to prosecute their case, warranting the dismissal of the same without prejudice. *Forest Nursery Co. v. Crete Carrier Corp.*, 319 F.Supp. 213 (E.D. Tenn.1970).

IT IS SO ORDERED.