**UNITED STATES of America, Plaintiff,**

v.

**Harwell Marion BAKER, et al., Defendants.**

**Civ. A. No. 87–T–572–N.**

United States District Court, M.D. Alabama, N.D.

Nov. 24, 1987.

James W. Wilson, Interim U.S. Atty., Patricia Conover, Asst. U.S. Atty., Montgomery, Ala., William Ashley Howell, III, Dist. Counsel, S.B.A., Birmingham, Ala., for U.S.

L. Lister Hill, H. Dean Mooty, Jr., Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for defendants.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

The court has before it cross-motions for summary judgment filed by plaintiff United States of America and defendants Harwell Marion Baker and Anne Evelyn Morgan Baker. The court concludes, for the following reasons, that it must grant the government's motion and deny the Bakers'.

### I.

In evaluating summary judgment motions, this court must view the evidence in the light most favorable to the non-moving parties. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Carlin Communication, Inc., v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352 (11th Cir.1986); Fed.R.Civ.P. 56(c). In this case, however, the parties agree upon

the facts and inferences to be drawn therefrom.

On October 30, 1979, First Alabama Bank received a $500,000 promissory note from Central Alabama Supply & Equipment Company, Inc. As security for the note, the bank obtained two guaranties. The Bakers, who were the stockholders of Central Alabama Supply, executed the first guaranty and the Small Business Administration ("SBA") executed the second.

In early 1981, the bank learned that Central Alabama Supply was experiencing financial difficulties, and a decision was made to liquidate the company. The bank eventually exercised its right to demand full payment from the company pursuant to an acceleration clause in the promissory note. Full payment was not made, however.

On May 14, 1982, the bank assigned to SBA the Bakers' personal guaranty and the promissory note. On May 21, 1982, SBA accelerated the debt and demanded payment. On June 17, 1987, over five years after its initial demand, SBA filed this action to recover on the Bakers' personal guaranty.

## II.

To prevail upon a motion for summary judgment, the moving party must show: (1) the absence of a genuine issue of material fact, and (2) entitlement to judgment as a matter of law. *Tippens v. Celotex Corp.*, 805 F.2d 949 (11th Cir.1986); *Carlin Communication, Inc., supra;* Fed.R.Civ.P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The summary judgment motions turn on the proper application of 28 U.S.C.A. § 2415(a), which in relevant part provides: "[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues." The question is when the government's action "accrued" against the Bakers.

■ To the extent the government bases its action on SBA's guaranty of the promissory note, the government's action could not have accrued until May 14, 1982, within six years of when this lawsuit was filed. As a general rule, "[t]he statute of limitations does not begin to run upon the implied undertaking of the debtor to reimburse the guarantor, until the latter has paid the debt." 38 Am.Jur.2d, *Guaranty* § 127, at 1136 (1968). Applying this rule, federal courts have held that, when the government guarantees a loan, its cause of action against the borrower cannot conceivably accrue until the government reimburses the lender for its loss arising from the borrower's default. *See, e.g., United States v. Olavarrieta*, 812 F.2d 640 (11th Cir.) (federal insured student loan program), *cert. denied,* ── U.S. ──, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987); *United States v. Bellard*, 674 F.2d 330 (5th Cir. 1982) (same); *United States v. Corsino*, 648 F.Supp. 454 (D.P.R.1986) (SBA guaranty agreement); *United States v. Klotz*, 599 F.Supp. 301 (D.Conn.1984) (HUD guaranty agreement).

■ While the borrower here was technically Central Alabama Supply, the SBA is entitled to proceed on the strength of its guaranty against the Bakers. It is undisputed that the government stands in the position of a subguarantor, not a co-guarantor, to the Bakers. *See* Restatement of Security § 145 (1941) (subsuretyship exists where "between the sureties one of them is a principal and the other a surety"); 72 C.J.S., *Principal and Surety* § 290 (1987) ("[a] supplemental surety is a surety for a surety"). And as a subguarantor, the government has a cause of action against the Bakers which could not conceivably have accrued until the government was called upon to pay, and paid, First Alabama Bank.

The Bakers further argue that the government's complaint does not allege that the government is suing as a guaran-

tor; the Bakers contend that they understood the government to be suing as a mere assignee of the loan. *See Bellard,* 674 F.2d at 336 (holding that the government was both assignee and guarantor of loan). While the complaint is unclear regarding the government's capacity, it is broad enough to include both capacities. In any event, the Bakers now fully understand that the government is suing as a guarantor, and they have not been prejudiced by the ambiguity in the complaint.

The court does not understand the parties to dispute that the amount due under the guaranty arrangement is $180,975.25, with interest accruing after May 21, 1987, at the daily rate of $43.87 until date of judgment, and at the legal rate of interest thereafter. If the court is wrong, the parties should so notify the court within seven days of the date of this memorandum opinion.

An appropriate judgment will be entered.

### JUDGMENT

In accordance with this memorandum opinion, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the motion for summary judgment filed on September 11, 1987, by the defendants is denied;

(2) That the motion for summary judgment filed on September 22, 1987, by plaintiff is granted, and that judgment is entered in favor of the plaintiff and against the defendants; and

(3) That the plaintiff have and recover from the defendants the sum of $180,-975.25, with interest accruing after May 21, 1987, at the daily rate of $43.87 until date of judgment, and at the legal rate of interest thereafter.

It is further ORDERED that costs are taxed against the defendants.

DONE, this the 24th day of November, 1987.