UNITED STATES of America, Plaintiff,

v.

Theresa M. NUGENT, Defendant.

No. CV 90-2-H-CCL.

United States District Court,
D. Montana,
Helena Division.

April 4, 1991.

Frank D. Meglen, Asst. U.S. Atty., Billings, Mont., for plaintiff.

Alan L. Joscelyn, Gough, Shanahan, Johnson & Waterman, Helena, Mont., for defendant.

**OPINION AND ORDER**

LOVELL, District Judge.

The United States moves for summary judgment in its favor on its collection claim against Defendant Theresa M. Nugent. Defendant opposes the United States' motion and moves for summary judgment in her favor, claiming that the United States' complaint is barred by the statute of limitations. Having reviewed the briefs in this matter, the court is prepared to rule on the statute of limitations issue.

Summary judgment is properly granted under Rule 56(c), Federal Rules of Civil Procedure, if "the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *California Architectural Building Products, Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 699, 98 L.Ed.2d 650 (1988). The initial burden is upon the party seeking summary judgment, to demonstrate the basis for its motion and to identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The parties have agreed that the sole issue to be decided in this case is whether the United States' claim is barred by the statute of limitations.

In support of its motion for summary judgment, the United States has provided the affidavit of Marguerite Williams, of the Department of Education, and Defendant's response to Plaintiff's first requests for admissions. Based on those documents, the accuracy of which Defendant has not disputed, the court has determined the following facts.

Defendant executed promissory notes to secure loans which were insured by the United States, acting through the Department of Education. Defendant defaulted on those loans. The Department of Education paid the lender's claim and was assigned all rights, title and interest in the notes sometime prior to December 31,

1983.* Defendant made her last partial payment to the United States on September 7, 1984. The United States filed its complaint on January 3, 1990.

The parties agree that 28 U.S.C. § 2415(a) provides a six-year statute of limitations which applies in this case. The limitation period starts to run when the right of action accrues. Normally the right of action accrues when the United States pays the lender's claim and acquires the cause of action. *United States v. Frisk,* 675 F.2d 1079, 1982 (9th Cir.1982). However, the statute provides: "in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment." 28 U.S.C. § 2415(a).

The United States contends that Defendant's September 1984 partial payment extended the statute of limitations period to September 7, 1990, and that its complaint was filed within the time allowed by statute. Defendant claims that the September 1984 payment was a payment on her underlying obligation toward the lender, and not a payment on her indemnity obligation toward the United States. Defendant further contends that her acknowledgment of the validity of the underlying obligation cannot serve to extend or renew the limitation period for the separate indemnity obligation.

Defendant provides no authority for her argument, and does not deny that she made the September 1984 payment to the United States. There is no indication in the record that Defendant informed the United States at the time she made that payment that it was a payment on the underlying obligation, rather than on her separate obligation to the United States. The statute at issue here does not distinguish between payment on the underlying obligation and payment on an indemnity obligation. It merely states that the right of action accrues again at the time of each partial

payment. Defendant made a partial payment in September of 1984, and the United States' right of action accrued when she made that payment. Therefore, the United States filed its complaint within six years after its right of action accrued. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED and Plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that the United States shall submit to the court its proposed judgment in this matter.

---

* According to Ms. Williams' affidavit, the holder of the notes filed its claim on August 29, 1983. According to Defendant's admission, the Department of Education paid its claim on July 6, 1983. This internal factual dispute in the United States' own exhibits is not material to the statute of limitations issue.