UNITED STATES of America, Plaintiff,

v.

Herman D. LUJAN, Defendant.

Civ. No. 79–540–HB.

United States District Court,
D. New Mexico.

Jan. 15, 1980.

R. E. Thompson, U. S. Atty., Charles F. Sandoval, Asst. U. S. Atty., Albuquerque, N.M., for plaintiff.

Carl J. Schmidt, Albuquerque, N.M., for defendant.

MEMORANDUM OPINION

BRATTON, Chief Judge.

This is a suit involving a federally insured student loan. It is uncontested that on September 8, 1969 the defendant, Herman Lujan, executed a note payable to the Columbia Savings and Loan Association, Denver, Colorado in the amount of $1,500.00 with interest at the rate of 7%. It is also agreed that the plaintiff in this action, the United States, insured the note pursuant to 20 U.S.C. § 1001 et seq., that no payments were made since the note was executed and that the United States has paid the lender also pursuant to the above mentioned federal law.

The defendant, Herman Lujan, has filed a Motion for summary judgment. The United States has filed a memorandum opposing the defendant's motion for summary judgment together with its own Motion for summary judgment.

Turning first to the defendant's Motion for summary judgment, he argues two different grounds in support of his Motion. First, he argues that the applicable six year statute of limitations has run on the claim of the United States citing 28 U.S.C. § 2415. Second, he argues lack of consideration.

With regard to the statute of limitations, the only question is when did the cause of action accrue. If it accrued when the note went into default then the statute of limitations has run. But if the cause of action did not accrue until the United States had paid the lender under the guarantee arrangement then the statute of limitations did not run before suit was filed.

The law of suretyship is clear on this issue. The statute of limitations does not begin to run on the surety's cause of action against the principal until the surety has made payment on the debt to the creditor. A. Stearns, *The Law of Suretyship*, 5th Ed., 1951; L. Simpson, *Handbook on the Law of Suretyship*, 1950. Therefore, it is concluded that since the United States made payment to the lender less than six years prior to instituting suit that the defendant's motion for summary judgment on this basis is not well taken and will be denied.

The defendant's second argument is that the defense of lack of consideration entitles him to summary judgment. The defense argues that Mr. Lujan did not receive the $1,500 in hand and therefore received nothing in exchange for his note. However, it is clear that the defendant promised to pay the note in exchange for funds which were applied directly to pay the tuition for a course of study at Parks College. The record is also clear that Mr. Lujan received at least some of the educational benefits for which he contracted to pay the note. Thus, there is clearly no issue of lack of consideration.

The defense having failed to come forward with any evidence which would place any material fact in dispute and the United States having shown that the note was executed by the defendant, the amount of the note having been paid to the lender by the United States pursuant to the statutorily created guarantee arrangement, and the United States remaining unpaid by the defendant, the Court will enter a judgment in favor of the United States.

The United States shall prepare a proposed judgment and submit it within 15 days of this date, having submitted it first to defendant as to form.