UNITED STATES of America, Plaintiff,

v.

Lawrence W. BLACKMON, a/k/a Larry Blackmon, and Blackmon & Associates, Inc., Defendants.

No. LR–C–77–197.

United States District Court,
E. D. Arkansas, W. D.

Sept. 10, 1980.

Eugene R. Sullivan, Dept. of Justice, Washington, D. C., Don N. Curdie, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

Robert L. Trimble, Winstead, McGuire, Sechrest & Trimble, Dallas, Tex., Jack Holt, Jr., Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Pending before the Court is the plaintiff's Motion to Amend Judgment, which the Court will treat as a Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons which follow, the motion will be granted.

This case arose out of the construction of two apartment complexes—one in Pine Bluff, Arkansas, sponsored by Piney Woods Apartments, Inc. (Piney Woods), to which Counts I through III apply; and the other in Houston, Texas, to which Counts IV through VII apply. Both projects were financed through mortgages guaranteed by the Department of Housing and Urban Development and administered by the Federal Housing Administration.

The project contractor, Smithwick–Blackmon, Inc., was allegedly controlled by the named defendants. Counts I through III assert claims based on allegedly fraudulent entries on contractor's Certificates of Actual Cost which the defendants signed in connection with the Piney Woods buildings. On April 4, 1977, Piney Woods assigned to the United States all interest in all claims it might have against Lawrence W. Blackmon and/or Smithwick–Blackmon, Inc., arising out of the Pine Bluff apartment project.

In a Memorandum and Order and an accompanying Judgment entered on April 19, 1979, the Court dismissed the case, in part because the action was barred by limitations and in part because it was brought in the wrong forum. Because the Court finds that its Judgment was based on an incorrect conclusion of law, the Judgment and the Memorandum and Order will be vacated.

### I.

28 U.S.C. § 2415(a) provides in pertinent part, as it did in 1977 when this action was brought:

. . . every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . . . .

28 U.S.C. § 2415(b) provides an analogous limitations period of three years for actions for money damages brought by the United States and founded upon a tort. This action is one for money damages brought by the United States and founded upon a contract or a tort or both. The claims asserted by the United States in Counts I through III are based on rights assigned to the United States by Piney Woods. The Court will consider the interplay of 28 U.S.C. § 2415 and the state statute of limitations to which Piney Woods was subject.

It is well settled that "[a]ssignment to the United States will not revive a claim which has already been barred by a state statute. *Guaranty Trust Co. v. United States*, 304 U.S. 126, 141–142, 58 S.Ct. 785, 793, 82 L.Ed. 1224 (1938)." *United States v. Pall Corporation*, 367 F.Supp. 976, 979 (E.D.N.Y.1973). It is equally well settled that "[i]n the case of an assignment before the state statute of limitations has run, however, the case will not be barred until the federal statute has run. *United States v. Nashville, Chattanooga, St. Louis Ry. Co.*, 118 U.S. 120, 125, 6 S.Ct. 1006 [1008], 30 L.Ed. 81 (1886); *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) . . . ." *Id.* (additional citation omitted). Therefore, the Court will consider: (A) whether the claims assigned to the United States were barred by a state statute before their assignment and, (B) if not, whether the federal statute had run before this action was filed.

### A.

If the claims assigned by Piney Woods Apartments, Inc., were founded on a tort, the state limitations period was three years. Ark.Stat.Ann. § 37–206 (1962). If the claims were founded on a contract, the state limitations period was five years. Ark.Stat.Ann. § 37–209 (1962).

The original contract was signed in November, 1967. On June 12, 1969, Smithwick–Blackmon delivered the allegedly fraudulent certificate. The statute of limitations would normally have begun to run at this time. When there is fraudulent concealment of a cause of action, however, the statute does not begin to run against the defrauded party until the fraud is or should have been discovered. *Thomas v. Williford*, 259 Ark. 354, 359–60, 534 S.W.2d 2, 5–6 (1976). It is alleged that Piney Woods had no knowledge of the fraud or breach prior to July 12, 1974, when an indictment first revealed the fraud. It is implicitly alleged that such knowledge was fraudulently concealed from Piney Woods by the defendants. There are no counter assertions to refute these allegations. Taking the plaintiff's allegations as true for purposes of this motion, the state statutes did not begin to run until July 12, 1974. Under either the three–year or the five–year statute, then, the assigned claims were not barred by a state statute on April 4, 1977, when they were assigned to the United States. It is, therefore, not necessary, for purposes of this determination, to characterize the claims as tort or contract claims.

### B.

The complaint in this case was filed on July 7, 1977. Tort and contract actions brought by the United States for money damages are barred three and six years, respectively, "after the right of action accrues." 28 U.S.C. § 2415. Whether this action was barred, under the tort or the contract provision, when it was brought by the United States depends on when the cause of action sued upon accrued. Four possible dates suggest themselves: (1) June 12, 1969–the date on which the contract was allegedly breached and the fraud was allegedly committed; (2) an unknown date prior to July 12, 1974, on which the United States gained knowledge of the facts underlying the claims of fraud and breach; (3) July 12, 1974–the date on which the fraud was revealed by the indictment; and (4) April 4, 1977–the date on which the claim

was assigned. On the basis of the thorough and well reasoned opinion in *United States v. Cardinal*, 452 F.Supp. 542 (D.Vt.1978), the Court agrees with the conclusion stated therein that ". . . the general purposes of § 2415(a) are furthered best if 'accrues' is interpreted to mean that the statute begins to run when the claim first could have been sued upon, whether or not the Government has acquired it at that time." *Id.* at 546–47.

This conclusion eliminates the unknown date on which the United States gained knowledge as a possible date from which the statute began to run. This was the date adopted by the Court in its Memorandum and Order of April 19, 1979. The Court now rejects that date. No cause of action based on Piney Woods' interest accrued to the United States at that time, since it had no right on which to sue. Neither did a cause of action accrue to Piney Woods for purposes of causing the statute of limitations to run, since Piney Woods had no knowledge of the underlying facts at that time and so could not have sued for claims based on those facts. If it develops that the United States is suing on a right which accrued to *it* and of which it had knowledge at some date sufficiently early to have barred this action, then this action or the affected part of it may be dismissed.

The quoted conclusion further eliminates the date of assignment as a possible date from which the statute began to run, since the claim first could have been sued upon by Piney Woods before that date. The Court concludes that it also eliminates the date of the breach or fraud. In no meaningful sense could the claim have been sued upon on the date of the breach or fraud or at any time before Piney Woods learned of the breach or fraud. The date of the indictment is the first date on which the claim can fairly be said to have been capable of being sued upon. The Court's conclusion in this regard is in conformity with both federal and state common law under the federal fraudulent concealment rule and the Arkansas tolling doctrine. *See* 2 Moore's Fed-

eral Practice ¶ 3.07[3], at 3–76 n.39 (2d ed. 1979), and cases cited therein; *Thomas v. Williford, supra,* 259 Ark. 354, 534 S.W.2d 2.

The Court concludes that the instant cause of action accrued, for purposes of 28 U.S.C. § 2415, on July 12, 1974, when the indictment was made public. Therefore, the complaint in this case was timely filed on July 7, 1977, whether the limitations period be three years or six years, and it is not now necessary to characterize the claims sued upon as based on contract or tort. Given this conclusion, this Court's determination in the Memorandum and Order of April 19, 1979, that the claims sued on in Counts I through III were barred by the statute of limitations was erroneous. The plaintiff's Motion for Relief from Judgment will, therefore, be granted as to Counts I through III, and the defendants' Motion to Dismiss these counts on the basis of the statute of limitations will be denied.

## II.

The dismissal on the basis of the statute of limitations being vacated, there remain several issues for resolution. The Court will now consider the defendants' Motions to Dismiss with regard to Counts I through III.

The Motion to Dismiss Counts I through III on the grounds that the plaintiff has sustained no damages and that the plaintiff has no standing to sue will be denied. The assignment of Piney Woods' interests to the United States appears to give the plaintiff sufficient interests on which to sue in its own name. The assignment may be subsequently incorporated into an amended complaint, if necessary, to satisfy pleading requirements.

The Motion to Dismiss on the ground that the plaintiff has sued the wrong parties will be denied without prejudice. In each of Counts I, II, and III, the complaint alleges facts which are sufficient to state a claim against the defendants. If additional parties should be joined in this action, they may be joined. The complaint will not be dismissed at this point for failure to join them.

The Motion to Dismiss for failure to join the real party in interest will be denied without prejudice. The possibility of curing any defect in this regard by joinder of necessary parties eliminates the need to dismiss the complaint on this ground at this time.

The Motion to Dismiss for lack of in personam jurisdiction will be denied. The complaint alleges contacts of the defendants with the state of Arkansas sufficient to satisfy the Arkansas long–arm statute, Ark.Stat.Ann. § 27–2502 (1979), and the Constitution of the United States. Until the Court is presented with affidavits or other competent evidence to refute these allegations, the complaint may not be dismissed for lack of in personam jurisdiction.

The Motion to Dismiss for improper venue will be denied. The claims in Counts I through III are alleged to have arisen in the Eastern District of Arkansas. Venue appears to be proper under 28 U.S.C. § 1391(b). It is also alleged that the corporate defendant was doing business in this district. Venue therefore appears to be proper as to that defendant under 28 U.S.C. § 1391(c). Any defects in venue which are subsequently brought to the Court's attention may be cured by an appropriate transfer.

## III.

In the Memorandum and Order of April 19, 1979, the Court dismissed the claims in Counts IV through VII because they were brought in the wrong forum. The Court adheres to its ruling that the claims were brought in the wrong forum. Given this ruling, the court may dismiss or transfer the claims. 28 U.S.C. § 1406(a). The Court now concludes that it would be in the interest of justice to transfer the claims rather than to dismiss them. The plaintiff's Motion for Relief from Judgment will, therefore, be granted with regard to Counts IV through VII, and the claims asserted therein will be transferred.

## CONCLUSION

It is therefore Ordered that the plaintiff's Motion for Relief from Judgment be, and it is hereby, granted.

It is further Ordered that the Memorandum and Order and the Judgment of April 19, 1979, be, and they are hereby, vacated. The complaint is reinstated.

It is further Ordered that the claims asserted in Counts IV through VII of the complaint be, and they are hereby, transferred to the United States District Court for the Southern District of Texas.

It is further Ordered that the plaintiff be, and it is hereby, directed to file, on or before October 10, 1980, an amended and substituted complaint setting forth the claims still pending before this Court.

It is further Ordered that the defendants be, and they are hereby, given until and including October 31, 1980, within which to answer or otherwise plead to the amended and substituted complaint. They need not respond to the reinstated complaint before that time.