UNITED STATES of America

v.

Diana D. LUCAS.

Civ. A. No. B-80-503-CA.

United States District Court,
E. D. Texas,
Beaumont Division.

April 28, 1981.

John H. Hannah, Jr., U. S. Atty., Janet Hellmich, Asst. U. S. Atty., Tyler, Tex., for United States.

MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

The United States brought this suit to collect a student loan made to the defendant on February 25, 1971, pursuant to the Federal Insured Student Loan Program, (FISLP), 20 U.S.C. § 1070 et seq. The Court has jurisdiction by virtue of 28 U.S.C. § 1345. The defendant was served with a copy of the complaint on July 25, 1980, and has not appeared in the action. The case is before the Court on the government's motions for a default judgment and summary judgment. The only issue involved is whether the claim is barred, on its face, by the applicable statute of limitations.[1]

---

1. The Court raised the limitations issue on its own motion because the claim is time barred on its face and it would be patently unfair to grant the default judgment in light of the exist-

Diana D. Lucas applied for and received a student loan from the Texas Bank and Trust Company pursuant to the FISLP, in the amount of $980.00. The note states that repayment of principle and interest shall be made over a period commencing nine months after the date on which the maker ceases to carry at least one half the normal full time academic work load. She ceased at least half time study on February 1, 1973, but did not initiate repayment of the loan. The note was assigned to the United States after defendant defaulted in payment. The date of the assignment was August 16, 1974. The complaint alleges that repeated demands have been made for payment but that plaintiff has refused to satisfy the indebtedness. The government is seeking $980.00 plus interest at the rate of 7% per annum.

■ Since the action is on a note, the applicable statute of limitations is 28 U.S.C. § 2415, which provides that "every action for money damages brought by the United States ... which is founded upon any contract ... shall be barred unless the complaint is filed within six years after the right of action accrues." *Id.*

The plaintiff contends that its cause of action accrued when it purchased the note from Texas Bank and Trust Company on August 16, 1974, as required by the FISLP, 20 U.S.C. § 1080. Since the complaint was filed on July 21, 1980, the action would be timely commenced if the Court accepts the Government's theory. For reasons that will be shown, the Court is of the opinion that the cause of action accrued on or about March 1, 1974, which is nine months[2] and 120 days[3] after the date on which the student-borrower ceased to carry at least one half the normal academic work load.[4] The cause of action arises on the note, which is a contract for the repayment of money. It needs no citation that a cause of action on a contract accrues on its breach. This note is breached on default.[5]

The government argues that the FISLP creates a suretyship relationship between the student borrower and the Department of Education in which the Department of Education is the surety. *See United States v. White*, No. CV 77–1356–FW (C.D.Cal. 1977); *United States v. Winter*, 319 F.Supp. 520 (E.D.La.1970). *See also United States v. Lujan*, No. 79–540–HB (D.N.M.1980); *United States v. Reed*, No. 79–1699 (D.D.C. 1980); *United States v. Wilson*, 478 F.Supp. 488 (M.D.Pa.1979). The government argues, correctly, that under its theory, it has a cause of action in indemnity against the principal, which action accrues when the surety pays the creditor. *See United States Lines v. United States*, 470 F.2d 487, 489 (5th Cir. 1972).

It is clear from even a cursory reading of the Federal Insured Student Loan Program

---

ence of a complete and meritorious defense. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise his 'sound judicial discretion' in determining whether the judgment should be entered." 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2685 at 263 (1973). Although the defense of limitations is an affirmative defense which must be pleaded, *Shires v. Magnovox Co.*, 74 F.R.D. 373, 375 (E.D.Tenn. 1977); F.R.Civ.P. 8(c), "the complaint is subject to dismissal for failure of the plaintiffs to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, when such an affirmative defense appears clearly on the face of the complaint." *Shires v. Magnovox Co.*, 74 F.R.D. 373, 375 (E.D.Tenn. 1977) (citing *White v. Padgett*, 475 F.2d 79, 82 (5th Cir.), *cert. denied*, 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973); *J. M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 78 (5th Cir. 1962)). Clearly, the Court may not grant a default judgment on the basis of a complaint that, on its face, would not survive a 12(b) motion to dismiss.

2. The note provides on its face, as required by 20 U.S.C. § 1077(a)(2)(B), that repayment shall be made commencing nine months after the date the borrower ceases half time study.

3. The FISLP provides, in effect, for a 120 day grace period by defining "default" as including "only such defaults as have existed for (A) one hundred twenty days ...." 20 U.S.C. § 1080(e)(2).

4. The government's exhibit indicates that the first payment was due on February 18, 1974.

5. *See* notes 2–3 and accompanying text, *supra*.

that, as the title indicates, the relationship is one of insurance, the government being the insurer and the bank the insured. Not only does the title of the program use the word "insured", but the words "insurance", "insured," or "beneficiary" are repeated in virtually every section of Part B of the FISLP. *See, e. g.,* 20 U.S.C. § 1079 (requiring applications for and certificate of insurance from participating lenders); 20 U.S.C. § 1080 ("Upon default . . . the *insurance beneficiary* shall promptly notify the Commissioner . . . .") The plaintiff's rights are in the nature of subrogation, not indemnity, as evidenced by 20 U.S.C. § 1080(b):

> Upon payment by the Commissioner of the amount of the loss pursuant to subsection (a), the United States shall be *subrogated* to all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the *insured* loan by the *insurance beneficiary.*

(emphasis added). Thus, the United States is subrogated to the rights of the insured, the Texas Bank and Trust Company, and does not stand in any better position. *See, e. g., Hercules v. Stevens Shipping Co., Inc.,* 629 F.2d 418, 422 (5th Cir. 1980). Since the defendant was in default on March 1, 1974, the lender could have brought suit anytime until March 1, 1978, under the state statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5527 (Supp.1980–81). The United States stands in a slightly better position in that it has six years instead of four to bring suit. Since the government did not file the suit until July 25, 1980, the cause of action on the note is barred by the six year statute of limitations. *See United States v. Dold,* 462 F.Supp. 801 (D.S.D.1978). It is, therefore

ORDERED, ADJUDGED and DECREED that the plaintiff's motion for a default judgment is denied and the case dismissed from the docket of the Court.