UNITED STATES of America, Plaintiff,

v.

Daniel A. DeGUSTA, Defendant.

No. S–80–285 MLS.

United States District Court,
E. D. California.

May 4, 1981.

William B. Shubb, U. S. Atty., Julian G. Macias, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Dennis Owen Higgins, Sacramento, Cal., for defendant.

## OPINION

MILTON L. SCHWARTZ, District Judge.

Plaintiff brings this action to recover on two federally insured student loans. The matter is now before the court for review of recommendations made by Magistrate Esther Mix that plaintiff's motion for summary judgment be granted and that defendant's motion for summary judgment be denied. Because these motions may be dispositive of the case and because objections have been made to the magistrate's recommendations, the court is required under Local Rule 302 to consider *de novo* the merits of the pending motions.

There are no material issues of fact in this case. Defendant admits in his answer that he executed two promissory notes to Wells Fargo Bank, that the notes were insured by the Department of Health, Education and Welfare, Office of Education ("HEW/OE") and that Wells Fargo Bank assigned the notes to HEW/OE pursuant to 45 C.F.R. § 177.48 (1978) (Part 177 revised in 1979). Although defendant denies in his answer that he has failed to satisfy his indebtedness and that plaintiff has made repeated demands for payment, affidavits and HEW/OE records submitted by plaintiff indicate that defendant has not satisfied his indebtedness and that plaintiff has made demands for payment. When a party moving for summary judgment submits affidavits supporting his motion, the adverse party may not rest upon the mere allegations of his pleadings; "he must respond to the motion by affidavits or otherwise and set forth 'specific facts showing that there is a genuine issue for trial.'" *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978), quoting F.R.Civ.P. 56(e). *See also Security Nat. Bank v. Belleville Livestock*, 619 F.2d 840 (10th Cir. 1979); *Perez v. United States*, 594 F.2d 280 (1st Cir. 1979). Defendant has not objected to plaintiff's affidavits nor has he submitted any counter-affidavits. In fact, defendant apparently now admits all the allegations in plaintiff's complaint. Defendant's sole contention is that the instant action is barred by 28 U.S.C. § 2415, the statute of limitations applicable to suits brought by the United States.[1]

Title 28 U.S.C. § 2415(a) is the statute of limitations applicable to the instant action. *See United States v. Dold*, 462 F.Supp. 801, 805 (D.S.D.1978). This statute provides in pertinent part that "every action for money damages brought by the United States . . . which is founded upon any contract . . . shall be barred unless the complaint is filed

---

1. Only a statute of limitations specially established by Congress can bar a suit by the United States. *United States v. Podell*, 572 F.2d 31, 35 n.7 (2d Cir. 1978). *See also United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940).

within six years after the right of action accrues . . . ." Thus, the question in this case is whether the complaint was filed within the six year statutory period.

Defendant was obligated to begin making payments on his two student loans on March 8, 1974.[2] Plaintiff filed this action on April 18, 1980, six years and forty-one days later.

Defendant contends that the six year statutory period began to run on March 8, 1974, the date on which he became obligated to commence loan payments. Plaintiff maintains, however, that the limitations period did not begin to run until the defendant had "defaulted" as that term is defined in 20 U.S.C. § 1080. Under § 1080(e)(2), a student is not in "default" until he has been in arrears in his payments for either 120 or 180 days, depending on whether loan payments are made monthly or at longer intervals. Thus, under plaintiff's theory, the limitations period did not commence to run until at least July 7, 1974, 120 days after defendant was obligated to commence loan payments, and did not expire until at least July 7, 1980, approximately two months after the instant action was filed.

Plaintiff's argument is supported by *United States v. Dold, supra.* The district court ruled therein that the six year statutory period does not commence to run in student loan cases until after the 120 or 180 day period provided for by § 1080(e)(2) lapses. *Id.* at 805.

■ This court concurs in the *Dold* result. As noted *supra,* 28 U.S.C. § 2415(a) bars the United States from suing on any contract claim more than six years after the right of action *accrues.* Thus, in the instant case the six year limitations period did not begin to run until Wells Fargo Bank had a cause of action on the two notes executed by defendant.[3] For the reasons set forth below, the court is of the opinion that Wells Fargo Bank had no cause of action on the notes executed by defendant until at least 120 days after defendant missed his first payment.

Title 20 U.S.C. § 1080(a) provides in part that:

> Upon default by the student borrower on any loan covered by Federal loan insurance pursuant to this part, and prior to the commencement of suit or other enforcement proceedings upon security for that loan, the insurance beneficiary shall promptly notify the Commissioner . . . .

Thus, a student loan creditor may not bring suit against its student debtor until after the student "defaults" and the commissioner has been notified of such "default." Section 1080(e)(2) provides that a student debtor is in "default" for the purposes of § 1080 when 120 or 180 days pass from the date of delinquency. Thus, a student loan creditor cannot notify the commissioner with respect to any "defaults" until 120 or 180 days have passed since the delinquency. Since the student loan creditor is prohibited from bringing suit on any notes until notification of the commissioner, it follows that no cause of action on the student loans accrues to the creditor until the 120 or 180 day waiting period has passed. *See* 45 C.F.R. §§ 177.200, 177.103, 177.100(a) and 177.511(f)(1).[4]

---

**2.** Under the terms of the notes executed by defendant he was to begin making payments nine months after he ceased to be at least a half-time student at an accredited institution. Defendant ceased to be at least a half-time student in June of 1973.

**3.** The word "accrues" in 28 U.S.C. § 2415(a) is to be read as "accrues to *anyone*" rather than as *"accrues to the United States."* In other words, when the United States is assigned a past due note for which a cause of action already exists, the six year limitations period is

deemed to have begun at the time the cause of action initially accrued to the original holder of the note. *U. S. v. Cardinal,* 452 F.Supp. 542 (D.Vt.1978).

**4.** These regulations specifically preclude student loan creditors from suing student debtors who have not been in arrears for the appropriate 120 or 180 days. While these regulations were enacted in 1979 and, thus, are not controlling in the instant case, they strongly support the court's interpretation of 28 U.S.C. § 1080.

In light of the fact that no cause of action on the student loans here in question accrued to Wells Fargo Bank until the passage of the applicable 120 or 180 day waiting period, the six year statute of limitations set forth in 28 U.S.C. § 2415(a) did not begin to run until at least July 7, 1974. Accordingly, this action, having been filed on April 18, 1980, is not barred by the six year limitations period.[5]

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED.

5. In light of this ruling, the court need not reach the issue of whether a certain letter written by defendant constitutes an acknowledgement of his debts.