UNITED STATES of America, Plaintiff,

v.

Gilbert L. GONZALES, Defendant.

Civ. A. No. 81–4097.

United States District Court,
D. Kansas.

June 25, 1982.

Jim Marquez, U. S. Atty., D. Kan., Topeka, Kan., for plaintiff.

William T. Nichols, Marshall, Hawks, Hendrix, Schenk & Nichols, Topeka, Kan., for defendant.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This is a law suit brought by the United States to recover on a student loan which is in default. The case is before the Court at this time on cross motions for summary judgment. The facts are undisputed. The only question before the Court is whether this lawsuit is barred by the applicable statute of limitations.

On November 3, 1972, defendant executed a promissory note to the Electronic Computer Programming Institute, New York, New York, for the sum of One Thousand Five Hundred Dollars ($1,500), plus simple interest at a rate of seven percent (7%). Repayment of this note was guaranteed by the United States under the provisions of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1001 et seq. [hereinafter the Act]. The Act provides a federal program of student loan insurance for students or lenders who do not have reasonable access to a state or private non-profit program for student loan insurance. 20 U.S.C. § 1071(a).

Repayment of the note was to begin eleven (11) months after the date defendant ceased to carry at least one-half the normal academic workload at an institution eligible under the Act. Defendant ceased such attendance on May 15, 1973. The lender assigned the note to Commerce Bank of Kansas City, Missouri, which demanded repayment from defendant when the note was due under its terms. However, defendant neither made repayment nor negotiated a repayment schedule with Commerce Bank.

Under the terms of the Act, Commerce Bank determined that defendant was in default, and demanded repayment from the United States. On February 26, 1976, the

United States made said repayment, in the amount of One Thousand Five Hundred Dollars ($1,500).

There is no disagreement that this Court has jurisdiction of the action, or that venue is proper. There remains no factual issue as to liability on the debt owed by defendant. The sole question before the Court is one of law as to when the statute of limitations began to run against the United States.

The applicable statute of limitations found at 28 U.S.C. § 2415(a), which provides that the United States must bring suit in every action for money damages "within six years after the right of action accrues ..." The promissory note stated that its terms are to be construed in light of the Act. The Act provides that "default" is to be defined as a default under the terms of the note which has existed for a period of one hundred eighty (180) days, provided that monthly repayments have not been established. 20 U.S.C. § 1080(e)(2). The parties agree that defendant was in default under the terms of the Act on August 16, 1974, eleven (11) months and one hundred eighty (180) days after he ceased school attendance. This lawsuit was filed on April 28, 1981.

After the United States has paid a defaulted student loan, its rights are determined by 20 U.S.C. § 1080(b), which provides "the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary."

Defendant argues that the statute of limitations began to run against the United States upon the date of defendant's default. Thus, when the Commerce Bank was reimbursed by the United States, the United States became subrogated to all the rights of the Commerce Bank, and, as its assignee, could proceed to collect the note. Because defendant was in default on August 16, 1974, the Commerce Bank could have brought suit under the state statute of limitations at any time until August 16, 1978. K.S.A. 60–511(1). Defendant argues that

therefore the United States stepped into the shoes of Commerce Bank and only acquired whatever rights the Commerce Bank had against defendant; that is, the right to sue defendant on a cause of action which accrued on August 16, 1974. Under defendant's analysis, the United States stands in a slightly better position than the Commerce Bank because it has six (6) years, instead of four (4), to bring the suit, but since the government did not file suit until April 28, 1981, the cause of action on the note is barred by the six-year statute of limitations.

The question before the Court is when the cause of action accrued. In the context of federally-insured student loans, the courts of the United States are equally divided. Some courts hold that the action accrues when the student defaults. In *United States v. Dold*, 462 F.Supp. 801, 805 (D.S.D.1978), that court held that the six-year statute of limitations begins to run on the date the student defaulted on his loan. The court in *United States v. Lucas*, 516 F.Supp. 934 (E.D.Tex.1981), followed *Dold* and held that the government's cause of action to collect on the defaulted student loan accrued when the borrower defaulted, and not when the government purchased the note. The court in *Lucas* held that the relationship between the lender and the United States was one of insurance, and that therefore upon payment of the loss the United States acquired only the rights that the lender had against the student. Because the lender's rights against the student began on the date of default, all the United States could acquire from the lender were rights against the student that began on the day of default. Other federal courts have reached a similar conclusion, both in the context of insured student loans and in other contexts. *See United States v. Cardinal*, 452 F.Supp. 542 (D.Vt.1978), and the cases which rely on it: *United States v. Blackmon*, 496 F.Supp. 1250 (E.D.Ark.1980); *United States v. Skidmore, Owings & Merrill*, 505 F.Supp. 1101 (S.D.N.Y.1981); *United States v. DeGusta*, 512 F.Supp. 1299 (E.D.Cal.1981).

The Court agrees with those cases to the extent that they hold that the government

has the rights of an assignee of the lender on a defaulted student loan. The language in 20 U.S.C. § 1080(b) states that the United States shall be subrogated for all the rights of the lender and shall be entitled to assignment of the note. It is the Court's opinion, however, that this language does not limit the government only to the rights of an assignee. The Court finds that the federal insured student loan program creates a guaranty relationship between the student borrower and the United States in which the United States is the surety or guarantor of the student's loan.

A surety or guarantor is one who promises to answer for the debt, default or miscarriage of another. *Bomud Co. v. Yockey Oil Co.*, 180 Kan. 109, 299 P.2d 72 (1956). The distinguishing feature of a guaranty is that the obligation is collateral to another's contractual duty to perform. Thus, if the obligation sought to be enforced is a primary or unconditional promise, so that the promisor is primarily liable, independent of the failure of some other party to perform his contractual duty, then the obligation is not a contract of guaranty. 38 Am.Jur.2d, *Guaranty*, § 3. It is clear from the language of the Act that the government was liable to the lender only upon default by the student borrower. 20 U.S.C. § 1080(a). Thus, the obligation of the United States is collateral to the student's contractual duty to repay his loan. The Court therefore concludes that the law of guaranty applies to this case.

A guarantor or surety who discharges the obligation of its principal is entitled to be reimbursed by the principal. The language of the Act does not limit the government to the rights of an assignee, and does not destroy this common-law right of a surety or guarantor to seek reimbursement from the principal obligator. The statute of limitations does not begin to run on the surety's cause of action against the principal until the surety has made a payment on the debt to the creditor. In its status as a surety or guarantor, the statute of limitations began to run against the United States only when the United States paid the Commerce Bank on February 26, 1976.

The Court therefore concludes that the statute of limitations does not bar this lawsuit. Plaintiff is entitled to judgment as a matter of law. Our decision is in accord with other federal courts which have considered the precise question before us. *United States v. Lujan*, 520 F.Supp. 282 (D.N.M.1980); *United States v. Wilson*, 478 F.Supp. 488 (M.D.Pa.1979). *See also, United States v. Lucas*, 516 F.Supp. 934, 935 (E.D.Tex.1981), for a list of unpublished cases from federal courts in California, Louisiana and the District of Columbia which reach the same result.

There being no other contested issues of fact or law, IT IS BY THE COURT ORDERED that plaintiff's motion for summary judgment is hereby granted.