**UNITED STATES of America, Plaintiff,**

v.

**Gorman W. KENDRICK, Defendant.**

**No. LR–C–81–404.**

United States District Court,
E.D. Arkansas, W.D.

Dec. 17, 1982.

Asst. U.S. Atty. Don N. Curdie, E.D. Ark., Little Rock, Ark., for plaintiff.

Robert W. Hardin, Priddy & Hardin, Russellville, Ark., for defendant.

## ORDER

ROY, District Judge.

Pending before the Court are the parties' motions for summary judgment. The United States claims that the defendant is indebted to it for monies he received under the Federal Insured Student Loan Program (Public Law 89–329, IV–B) which were not repaid to the lender, Advance Schools, Inc. The United States as guarantor of the defendant's debt paid off the remaining indebtedness on September 4, 1979, after having been notified by the lender of default on September 2, 1975. The default date was December 2, 1974. The United States rests its motion on its pleadings, the promissory note signed by the defendant, and an affidavit signed by Beverly Williams, a Department of Education employee in charge of the defendant's financial record.

The defendant maintains that this action is barred by the statute of limitations, 28 U.S.C. § 2415; by laches; and by substantive defenses which he could have asserted against the lender (essentially they are failure of consideration). For the reasons given below, the Court finds no merit to the defendant's claims.

In his response to the United States' motion, the defendant relies solely on his contention that the claim is barred by the statute of limitations which the parties agree is 28 U.S.C. § 2415. This question is resolved by the correct legal interpretation of the phrase in the statute: " . . . shall be barred unless the complaint is filed within six (6) years after the right of action accrues . . . ." The defendant argues that the right accrued on the date of his default, December 2, 1974, so that December 2, 1980 would be the last date on which the complaint could have been timely filed. The complaint was filed June 26, 1981. In support of his position the defendant cites *United States v. Cardinal,* 452 F.Supp. 542 (D.C.Vt.1978) and *United States v. Blackmon,* 496 F.Supp. 1250 (E.D.Ark.1980). In each of these cases the District Court held that the right of action accrued on the date the cause of action arose in favor of the original obligee and not on the later date that the note was assigned to the United States. Neither of these cases involved the statute under consideration here which insured the student loan.

The Court believes that two recent Court of Appeals cases are directly relevant to the issue before this Court. In *United States v. Bellard,* 674 F.2d 330 (5th Cir. 1982) and *United States v. Frisk,* 675 F.2d 1079 (9th Cir.1982) the courts found that the United States under the student loan act is in the nature of a guarantor of the debt so that its cause of action against the borrower does not accrue until the government has paid the lender. In seeking reimbursement under this statute, the government can rely on its common law right as a guarantor and not merely on its rights under the assignment of the note. This defeats the defendant's argument on the accrual date. It is the finding of this Court that the cause of action accrued on September 4, 1979 and this action is, therefore, not barred by the statute of limitations.

Also, the Court cannot say that the United States has slept on its rights to the prejudice of the defendant. Even if the Court adopted the defendant's default date as the date of accrual, the action was brought only some six months beyond the statute of limitations. Six months beyond the statute in this case is insufficient to invoke equitable relief even under the defendant's theory of the case. There has been no showing of prejudice to the defendant. He was aware all along that the lender and the government considered the loan in default. This action is no surprise.

The final issue addressed by the plaintiff in its motion is that of the defenses available to the lender asserted in the Answer, which amount to failure to perform on the part of the lender. The United States contends that these defenses, while they may be good as against the lender, are not available against the United States in its role as guarantor seeking indemnification. The only Arkansas case on this point is that of *Ryder Truck Rental, Inc. v. Kramer,* 263 Ark. 169, 563 S.W.2d 451 (1978)

where the Supreme Court held that the defense of usury was also available to the guarantor of a note since in Arkansas a usurious note is void *ab initio*. *Kramer* does not control this action because here there are no allegations that the original note was void, only that there were defenses to it. The general rule in the United States is:

"The principal is not relieved of his duty to reimburse a person who has become a surety with the consent of the principal where the surety pays an obligation upon which the principal has a defense which is available to the surety without knowing of the defense; . . . ." *Restatement of the Law of Security* § 108, p. 282, 1941.

The surety, United States, is entitled to assume the existence and continuation of the principal's debt unless it has notice to the contrary. See also, *Restatement of the Law of Restitution* § 78(b)(ii), p. 345.

The government has established that it had no notice of the defenses claimed by the defendant and the defendant has not asserted otherwise.

Therefore, for all of the above reasons,

IT IS CONSIDERED, ORDERED AND ADJUDGED:

That the motion of the United States for a summary judgment is granted and the defendant's motion is denied and judgment is rendered in favor of the United States against the defendant Gorman W. Kendrick in the amount of $639.25 principal and $316.50 interest as of September 30, 1982 plus interest at the rate of 7% from September 30, 1982 until the date of this judgment and thereafter at the rate of 9.07% until paid.