**UNITED STATES of America**

v.

**Neil F. WHITESELL.**

**No. CIV81–5116.**

United States District Court,
D. South Dakota.

June 3, 1983.

Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for plaintiff.

Samuel W. Crabb, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

This case presents a single question of law: whether the United States' cause of action is time barred by the applicable statute of limitations. If the cause of action accrued on May 1, 1973, as the Defendant contends, the answer is yes; however, if such action accrued on August 25, 1976, as the Plaintiff contends, the answer is no. For the reasons stated below, this Court holds that the Government's cause of action is not time barred.

### I.

The United States brought this action to recover on a federally insured student loan.[1]

---

1. In his answer and other papers, the Defendant contends there is lack of consideration. He argues that the consideration for the promissory note was the agreement of Advance Schools, Inc. to furnish the Defendant a course in refrigeration and air conditioning; the Defendant asserts that the school failed to replace defective equipment and to furnish half the lesson materials. This defense is meritless and frivolous. Not only did the Defendant admit, by virtue of his failure to respond to the Government's request for admission, that the consider-

On September 2, 1971, the Defendant, Neil F. Whitesell, executed a promissory note payable to Advance Schools, Inc.[2] in the amount of $1,065.00 with interest at the rate of 7 percent. It is agreed that the United States insured the loan pursuant to the Federal Insured Student Loan Program, Title IV–B of the Higher Education Act of 1965 (the Act), 20 U.S.C. § 1071, et seq. The terms of the note require the Defendant to repay the loan commencing nine months after he has ceased carrying at least half the normal full-time academic workload at an eligible institution.[3] The Defendant freely admits that no payments have been made since the execution of the note. The United States paid the holder of the note pursuant to the Act and received an assignment of interest in the note.[4]

The United States has filed a motion for summary judgment. The Defendant has filed a memorandum opposing the United States' motion, together with his own motion for summary judgment.

## II.

The Defendant argues that the applicable six-year statute of limitations has run on the claim of the United States.[5] 28 U.S.C. § 2415(a). The Defendant contends that he was in default on the note on or about May 1, 1973, and that is when the United States' cause of action accrued. Because more than six years passed when the United States filed its Complaint on August 20, 1981, the Defendant asserts that the action should be dismissed as time barred.

The United States, on the other hand, contends that it paid the holder of the note under the guarantee arrangement of the Act, and the holder assigned its interest in the note to the Government on August 25, 1976. The Government argues that its cause of action accrued at that time,[6] and

---

ation for the promissory note was $1,065.00 paid to or for the Defendant, it is clear that the Defendant promised to pay the note in exchange for funds which were applied to pay the tuition and other costs for a course of study at Advance Schools, Inc. Thus, there is no issue of lack of consideration. *United States v. Lujan,* 520 F.Supp. 282 (D.N.M.1980).

**2.** Advance Schools, Inc. is an educational institution located in Chicago, Illinois. It appears from the information in the record that Defendant Whitesell executed his promissory note in Chicago, Illinois and that the proceeds were applied to his tuition and course equipment and materials at Advance Schools, Inc. It further appears from the record that Advance Schools, Inc. assigned Whitesell's note to the American National Bank and that it was to the latter institution that the United States made payment upon Whitesell's default. These facts are of limited significance in resolving the accrual question presently before the Court. *See, United States v. Bellard,* 674 F.2d 330, 331–32, n. 1 (5th Cir.1982).

**3.** The Government in its memorandum asserts that on or about August, 1975, the Defendant ceased carrying at least half the normal full-time academic work load at an eligible institution, and, subsequently, defaulted on the obligation. The Defendant, however, insists in all of his papers that he ceased carrying the necessary work load on or about April 1, 1972. Further, the Defendant admits that he was in default on or about May 1, 1973, which is computed by adding to the April 1, 1972 date, the

nine month "grace period" plus 120 days pursuant to the definition of default in 20 U.S.C. § 1080(e)(2). *See, United States v. Dold,* 462 F.Supp. 801, 805 (D.S.D.1978); *United States v. DeGusta,* 512 F.Supp. 1299 (E.D.Cal.1981). Although this discrepancy appears to raise a question of fact as to when the Defendant ceased carrying the necessary work load, such question is irrelevant to the question before the Court. Even assuming the facts as stated by the Defendant, this Court's decision as to when the Government's cause of action accrues is not affected.

**4.** Because the Defendant failed to answer the Government's request for admissions, the Defendant is deemed to have admitted that he was advised by letter of the intention of the lender to file a claim pursuant to the insurance provision of the Federally Insured Student Loan Program. Fed.R.Civ.P. 36.

**5.** Both parties agree that federal law, not state law, governs the rights and liabilities of the Government and the Defendant under the Act. The limitations period, therefore, under 28 U.S.C. § 2415(a) controls the timeliness of the Government's action. *United States v. Tilleraas,* 538 F.Supp. 1 (N.D.Ohio 1981).

**6.** In its memorandum, the Government argues that nine months after the note was assigned to the United States, the statute of limitations began to run. Further, in its memorandum, the Government relies on *United States v. Bellard,* 674 F.2d 330 (5th Cir.1982), which explicitly

consequently, is not time barred. The sole issue therefore, is when did the cause of action accrue.

### III.

Two distinct concepts emerge from the authorities that have addressed this issue. Some courts view the Government's interest as that of an assignee, while others recognize such interest as that of a suretyship. Characterization of the nature of the Government's interest is dispositive of the issue before the Court.

The Defendant relies on and cites to three courts holding that the statute of limitations begins to run when the debtor defaults on the loan.[7] *United States v. Dold,* 462 F.Supp. 801 (D.S.D.1978); *United States v. DeGusta,* 512 F.Supp. 1299 (E.D. Cal.1981); *United States v. Lucas,* 516 F.Supp. 934 (E.D.Tex.1981); *see,* 20 U.S.C. § 1080(e)(2) (definition of default). Although the *Dold* and *DeGusta* courts do not specify the basis for their holdings, they ostensibly ground their decisions on the principle that the United States stands in the position of an assignee and acquires only the interest of its assignor. The *Lucas* court went further, however, and defined the government's relationship with the debtor in terms of a contract of insurance, limiting the government's rights in the nature of subrogation. *Lucas,* 516 F.Supp. at 936. The court in that case explained that "[t]he cause of action arises on the note, which is a contract for the repayment of money." *Id.* at 935. Additionally, the court stated that a cause of action on a contract accrues on its breach and the note is breached on default. *Id.* Thus, in the case at bar, the Defendant argues that the Government's cause of action accrued upon the Defendant's default on May 1, 1973, and the United States is therefore subrogated to the rights of the insured and does not stand in any better position.

The United States relies exclusively on the Fifth Circuit Court of Appeals' decision in *United States v. Bellard,* 674 F.2d 330 (5th Cir.1982). In that case the court extensively examined the pertinent statutes and legislative history under the Act, *e.g.* 20 U.S.C. §§ 1077, 1080, and the applicable six year statute of limitations, 28 U.S.C. § 2415(a). The Fifth Circuit concluded that the government's interest under the Act is in the nature of a contract of suretyship, providing the government with a common law right to indemnification. *Bellard,* 674 F.2d at 331, 335. Finding no legislative intent to abandon the right to indemnification, the court held that the "independent, inherent interest in indemnification inures to the benefit of the guarantor when it satisfies the borrower's delinquent obligation; the prescriptive period begins on that date." *Id.* at 335. On the basis of *Bellard,* therefore, the United States in the instant case claims that its cause of action accrued when it satisfied the Defendant's delinquent obligation on August 25, 1976.

### IV.

Not only is this Court persuaded by the well-reasoned opinion in *Bellard,* but the most recent and the apparent greater weight of authority likewise concurs in the *Bellard* decision. The Ninth Circuit Court of Appeals in *United States v. Frisk,* held that as a surety or guarantor of the debtor's obligation, the government's cause of action accrued on the date the government paid such delinquent obligation. 675 F.2d 1079, 1083 (9th Cir.1982). The court in that case did "not interpret [the Act] as limiting the Government to the rights of an assignee or precluding it from asserting other rights it might have against a debtor in default on a federally insured student loan." *Id.* at 1082–83. This Court's research has re-

---

holds that the statute of limitations begins to run on the date of the assignment, not nine months later. For purposes of this opinion, the *Bellard* decision is controlling.

**7.** Other federal courts have reached a similar conclusion, both in the context of insured stu-

dent loans and in other contexts. *See, United States v. Cardinal,* 452 F.Supp. 542 (D.Vt.1978), and the cases which rely on it: *United States v. Blackmon,* 496 F.Supp. 1250 (E.D.Ark.1980); *United States v. Skidmore, Owings & Merrill* 505 F.Supp. 1101 (S.D.N.Y.1981).

**1358**

vealed that other courts agree with the Fifth and Ninth Circuits, that by operation of law a legal relationship of surety to principal exists between a student borrower and the government under the terms of the Act. *United States v. Gonzales*, 541 F.Supp. 783 (D.Kan.1982); *United States v. Tilleraas*, 538 F.Supp. 1 (N.D.Ohio 1981); *United States v. Lujan*, 520 F.Supp. 282 (D.N.M.1980); *United States v. Wilson*, 478 F.Supp. 488 (M.D.Pa.1979).

Accordingly, this Court concludes that as a surety or guarantor of the Defendant's obligation on his promissory note, the United States' cause of action accrued on August 25, 1976, the date it paid the Defendant's delinquent obligation. The United States' suit against the Defendant for reimbursement filed August 20, 1981, was brought within the applicable six-year statute of limitations. The Defendant's motion for summary judgment is denied, and the United States' motion for summary judgment is granted. The United States shall prepare a proposed judgment and submit it within 15 days of this date, having submitted it first to the Defendant as to form.