**UNITED STATES of America, Plaintiff,**

**v.**

**VICON CONSTRUCTION COMPANY, INC., Defendant.**

**No. 83 CIV 5330 (LBS).**

United States District Court,
S.D. New York.

Dec. 28, 1983.

---

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., R. Nicholas Gimbel, Asst. U.S. Atty., New York City, for plaintiff.

Quirk & Bakalor, P.C., New York City, for defendant; Richard Bakalor, New York City, of counsel.

## OPINION

SAND, District Judge.

The Government seeks reimbursement for payments made to various landowners under a federal flood insurance program. Defendant's negligence allegedly caused the flooding and subsequent damage. The Government's suit is based on its right of subrogation under the insurance program. Defendant moves for summary judgment, claiming the statute of limitations bars this lawsuit. For the following reasons, we grant defendant's motion.

The federal tort statute of limitations provides in pertinent part: "[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues." 28 U.S.C. § 2415(b). The floods occurred in March and April of 1980. Because this action was initiated more than three years after the floods, defendant argues this statute bars the suit. Plaintiff, on the other hand, contends that the six year contract statute of limitations applies. *See* 28 U.S.C. § 2415(a). In support of this contention, plaintiff claims this suit is quasi-contractual in nature, because it aims to prevent the unjust enrichment of defendant. Alternatively, plaintiff argues, even if the tort statute applies, its right of action did not "first accrue" until payments were made under the flood insurance program. Most of these payments were made within three years of July 18, 1983, the date this action was filed.

We find little support for either of plaintiff's contentions. It is undisputed that the underlying actions here sound in tort. That is, the property owners had a tort claim against the defendant. The theory of unjust enrichment cannot turn this tort claim into a contract action. First, the vast majority of unjust enrichment cases involve either defendants who have received "double recoveries" or those who have unquestionably benefitted through the uncompensated labors of another. In the former category is *United States v. Limbs*, 524 F.2d 799, 801 (9th Cir.1975), cited by plaintiff, where the Government successfully

sued to recover insurance payments made to injured government employees who had also recovered for their injuries in private tort actions against their tortfeasors. In the latter category, we find cases where plaintiffs cannot recover under a contract theory—because their efforts to fulfill contracts fall short of "substantial performance"—and instead utilize a quasi-contractual theory of recovery. Thus, a contractor, hired to erect a house, who succeeds only in laying a foundation, can recover something for his efforts because he conferred some value on the party who engaged him to build the house.

■ Plaintiff's action fits within neither of these common categories of "unjust enrichment." Indeed, it is impossible to say at this stage whether defendant has been enriched at all. Defendant has been enriched only if it would otherwise have been liable for property damage. Yet, its liability for negligence is currently undetermined. Plaintiff's theory would require no less than a trial on the merits to determine whether the statute of limitations has run. This result is obviously contrary to the purposes of the statute of limitations, which aims to grant repose after the passage of a prescribed period of time.

Plaintiff's result also conflicts with the theory of subrogation. Couch's treatise explains,

"The subrogated insurer stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have.

\* \* \* \* \* \*

The identity of a cause of action is not changed by the subrogation of an insurer thereto. Thus, the subrogation results only in a change in the beneficial ownership of the cause and has no effect on the character or underlying basis of the cause of action.

The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created. In other words, the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm; and this is so even though the right of subrogation is expressly declared by statute."

Couch on Insurance §§ 61.36–.37 (2d ed. 1983) (footnotes omitted). *See also* 46 C.J.S. "Insurance" § 1209. Thus, even if the defendant was plainly liable in tort, plaintiff's right of subrogation would not transform this matter into one of quasi-contract or unjust enrichment.

The theory of subrogation similarly rebuts plaintiff's alternative argument that the tort statute of limitations did not start running until plaintiff first made payments to injured landowners. The law on this point is as clear as the case law just discussed. Indeed, "[w]hile a subrogated insurer frequently contends that its action against the third-party tortfeasor who allegedly caused the damage or injury for which the insurer had to recompense its insured did not accrue, and the statute of limitations did not begin to run thereon, until the insurer had made the payments required under its insurance contract, courts have held, generally, that such a contention was without merit." Annot., "When Does Statute of Limitations Begin to Run Upon an Action by Subrogated Insurer Against Third Party Tortfeasor." 91 A.L.R.3d 844, 850 (1979) (citing cases from many jurisdictions in support of proposition, none *contra*). *See also* Couch *supra* § 75.38 (statute of limitations applicable to insured passes by subrogation to carrier). The federal statute of limitations has not altered this general proposition of law. *See United States v. Blackmon,* 496 F.Supp. 1250, 1252 (D.Ark.1980) (under federal statute, cause of action accrues when claim could first have been sued upon, whether or not Government had acquired the claim at that time); *compare United*

*States v. Whitesell,* 563 F.Supp. 1355, 1357–58 (D.S.Dakota 1983) (involving status of Government as surety for student loan).

We find the authority relied on by plaintiff, *United States v. Parish of St. Bernard,* slip op. No. 81–1808 (E.D.La. July 8, 1983) unpersuasive and not controlling. Plaintiff has presented us with no compelling reason why the facts of this case require departure from a well-established and rarely questioned rule of law.

■ The cause of action, thus, "first accrued" when the landowners could have sued upon the tort, namely, at the time of the flooding. *See, e.g., supra United States v. Limbs,* 524 F.2d at 802 (tort cause of action first accrued at time of injury). Because this suit was filed more than three years after the injury, it is barred by the statute of limitations.

For the foregoing reasons, defendant's motion is granted and this case is dismissed.

SO ORDERED.