36 B.R. 77 (1983)
UNITED STATES of America (Small Business Administration), Plaintiff,
v.
Angel L. Vazquez QUIÑONES, et al., Defendants.
Civ. No. 82-2159 GG.
United States District Court, D. Puerto Rico.
December 29, 1983.
*78 Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for plaintiff.
Rexach & Picó, Hato Rey, P.R., for defendants.

OPINION AND ORDER
GIERBOLINI, District Judge.
The facts of this case were stipulated. On May 9, 1975 defendants and Cristalería Aerco, Inc. (Cristalería) executed a promissory note in exchange of a $86,000 loan by the Development Bank of Puerto Rico. The note was secured by a duly recorded first mortgage over certain real property belonging to defendants. Cristalería and defendants have failed to make their monthly payments since November 10, 1975. On July 15, 1976 Cristalería filed a petition in bankruptcy in this court, Case No. B-76-174, pursuant to Chapter XI of the Bankruptcy Act. On July 29, 1976 the promissory note was assigned for collection to the Small Business Administration. The United States then on January 10, 1977 sent letters to defendants by certified mail accelerating the total amount of the debt. On October 30, 1978 the bankruptcy judge ordered the payment of $3,259.29 to the Small Business Administration for its secured claim. The United States filed the complaint on September 7, 1982.
Defendants have moved to dismiss the case. The United States has filed a memorandum opposing defendants' motion, together with its own motion for summary judgment.
Defendants allege that the applicable statute of limitations, 28 U.S.C. 2415(a), has run on the claim of the United States.[1] According to the defendants, the right of action accrued upon Cristalería's and defendants' default on the loan, or at the latest on July 29, 1976 when the note was assigned to Small Business Administration.
The United States, on the other hand, claims that the cause of action accrued when it demanded payment from defendants on January 10, 1977. In the alternative, the government contends that the payment of $3,259.29 resulting from the bankruptcy judge's order of October 30, 1978 tolled the statute of limitations.
Because we find the government's alternative argument dispositive of this case, we do not decide when the right of action originally accrued.[2]
Section 2415(a) provides in part:

*79 ... every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact shall be barred unless the complaint is filed within six years after the right of action accrues . . . Provided that in the event of partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment . . .
28 U.S.C. Section 2415(a)
Even though no case on point has been brought to our attention, and we have been unable to find one ourselves, we find that the payment of $3,259.29 ordered by the bankruptcy judge on October 30, 1978 constituted partial payment of the debt within the purview of Section 2415(a).
It is well established that "bankruptcy contemplates the taking of possession by the trustee of the property of the bankrupt . . .; the distribution of the proceeds received from such property, ratably, among the creditors of the bankrupt . . .; and the discharge of the bankrupt from liability for the unpaid balance of such claims". In Re Public Leasing Corporation, 488 F.2d 1369, 1373 (10th Cir.1973). The discharge operates as an injunction against the commencement or continuation of an action to collect from the debtor. 11 U.S.C. 524(a)(2). Nonetheless, the liability of a co-debtor is not altered by the discharge of the bankrupt. 11 U.S.C. Section 524(e). Thus, defendants herein, as co-debtors with Cristalería, are still liable to the government for the debt.
Defendants admit in their memoranda that the partial payment upon final distribution ordered by the bankruptcy judge effected a discharge of Cristalería's debt, and that as such it does not affect defendants' liability other than reducing the amount owed by them. In accepting that the discharge payment reduced their debt, defendants have in fact agreed that it constituted a partial payment. Defendants cannot benefit from the fact that their liability to the government has been reduced, and at the same time contend that the final distribution payment is not a later partial payment under Section 2415. Defendants have in fact acknowledged the existence of their debt and have impliedly promised to pay the balance by accepting the reduction in their liability. See United States v. Glens Falls Insurance Co., 546 F.Supp. 643 (N.D.N.Y.1982).
In sum, the payment of $3,259.29 of October 30, 1978 started the statute of limitations running a new. Consequently, the filing of the complaint on September 7, 1982 was well within the six year limitation period.
In view of the above, and it appearing that there is no genuine and material issue of fact in controversy between the parties and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, it is ordered that the United States' motion for summary judgment be and is hereby granted. Consequently, plaintiff is entitled to recover from the defendants the original amount owed less the payment of October 30, 1978, plus accrued interest. The clerk shall enter judgment accordingly.
It is further ordered that defendants' motion to dismiss be and is hereby denied.
SO ORDERED.
NOTES
[1] Both parties agree that federal law, not state law, governs the rights and liabilities of the government and the defendants under the Act.
[2] The question as to when a right of action accrues under 28 U.S.C. Section 2415(a) is far from settled. In the context of federally insured student loans three courts have held that the statute of limitations begins to run when the debtor defaults on the loan. United States v. Dold, 462 F.Supp. 801 (D.S.D.1978); United States v. Degusta, 512 F.Supp. 1299 (E.D.Cal. 1981); United States v. Lucas, 516 F.Supp. 934 (E.D.Tex.1981). However, other courts in cases similarly involving federally insured student loans have held that the right of action accrues at the time when the government, as guarantor, has paid the lender. United States v. Bellard, 674 F.2d 330 (5th Cir.1982) and United States v. Frisk, 675 F.2d 1079 (9th Cir. 1982); United States v. Whitesell, 563 F.Supp. 1355 (D.S.D.1983); United States v. Kendrick, 554 F.Supp. 121 (E.D.Ark.1982). Additionally, it has been held that under Section 2415(a) a cause of action accrues upon a derivative claim asserted by the government or an agency thereof when the claim first becomes actionable, regardless of whether the government has acquired the claim at that time. United States v. Cardinal, 452 F.Supp. 542 (D.Vt.1978); United States v. Blackmon, 496 F.Supp. 1250 (E.D.Ark. 1980); F.D.I.C. v. Petersen, 565 F.Supp. 1007 (D.Co.1983). On the other hand, the United States Court of Appeals for the Tenth Circuit has held that the cause of action accrues when the government notifies defendants that it exercises the acceleration clause and demands payment in full. United States v. Gilmore, 698 F.2d 1095 (10th Cir.1983).